## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VASHTI SHERROD, | : | |
| 920 Lake Front Drive | : | |
| Mitchellville, MD 20721 | : | |
| | : | |
| EUGENE SHERROD, | : | |
| 920 Lake Front Drive | : | |
| Mitchellville, MD 20721 | : | |
| | : | |
| Plaintiffs, | : | Case No. _____ |
| v. | : | |
| | : | |
| PHILLIP MCHUGH, | : | **COMPLAINT & JURY DEMAND** |
| D.C. Metropolitan Police Department | : | |
| 300 Indiana Avenue, NW | :, | |
| Washington, DC 20001 | : | |
| | : | |
| THE DISTRICT OF COLUMBIA, | : | |
| A Municipal Corporation | : | |
| 441 Fourth Street, NW | : | |
| Washington, DC 20001 | : | |
| | : | |
| DISTRICT OF COLUMBIA | : | |
| METROPOLITAN POLICE DEPARTMENT | : | |
| 300 Indiana Avenue, NW | : | |
| Washington, DC 20001 | : | |
| | : | |
| DIANE LEE SCHULZ, | : | |
| Harbor Square Condominiums | : | |
| 506 N Street, SW | : | |
| Washington, DC 20024 | : | |
| | : | |
| Defendants. | : | |

## JURISDICTION AND VENUE

1.     This action arises under the Constitution of the United States and 42

U.S.C. §§ 1983 and 1988.  Jurisdiction is conferred on this Court by 28 U.S.C. §§

1331, 1332, 1343 and 2201. This Court also has supplemental jurisdiction over

related District of Columbia common law claims pursuant to 28 U.S.C. § 1367, in

that the common law claims are so related to the federal claims that they form part of

the same case or controversy under Article III of the United States Constitution.

2.     Venue is proper in this judicial district because a substantial part of the

events or omissions giving rise to the claims asserted herein occurred within the

District of Columbia.

## PLAINTIFFS

3.     Plaintiffs Vashti Sherrod and Eugene Sherrod are citizens of the United

States and reside at 920 Lake Front Drive, Mitchellville, Maryland 20701. They were

married in 1982.

4.     Plaintiff Vashti Sherrod is age 77; Eugene Sherrod is age 74 and legally

blind. Plaintiffs are African American.

5.     Plaintiffs bring this action in order to redress the deprivation of rights

secured to them by the United States Constitution and the common law of the District

of Columbia.

## DEFENDANTS

6.      Defendant Phillip McHugh ("McHugh") is a citizen of the United States and a resident of the Commonwealth of Virginia.  Defendant McHugh is Caucasian.

7.      At all relevant times, Defendant McHugh was a duly licensed police officer and was employed as a detective by Defendant District of Columbia and Defendant District of Columbia Metropolitan Police Department ("MPD").

8.      At all relevant times, Defendant McHugh was an employee acting under the color of law within the scope of his employment with the District of Columbia and MPD.

9.      Defendant McHugh is being sued in his official capacity and in his individual capacity.

10.     Defendant District of Columbia is a municipal corporation organized pursuant to the laws of the United States with the authority to sue and be sued and the local government for the territory constituting the permanent seat of the federal government of the United States.

11.     At all relevant times, Defendant District of Columbia was responsible for the operation of the MPD as an agency of the local government.

12.     At all relevant times, Defendant District of Columbia was responsible for the policies, procedure, rules, regulations, and customs set forth and utilized for the supervision of the MPD and all MPD officers.

13.     On or about January 15, 2016, the District of Columbia was given timely notice of the claims asserted herein, pursuant to D.C. Code § 12-309.

14.     Defendant Diane Lee Schulz ("Schulz") is a citizen of the United States and resides at Harbor Square Condominiums, 506 N Street SW, Washington, DC 20024.  Defendant Schultz is Caucasian.

## ALLEGATIONS COMMON TO ALL COUNTS

15.     Plaintiff Vashti Sherrod and her husband own a Mercedes-Benz sedan, which they purchased in 2000. On May 14, 2015, at approximately 11:00 a.m., Plaintiff Vashti Sherrod parked her car in a curb lane parking space in front of 911 11th Street, Southeast in the District of Columbia, where of a flower store she had planned to visit is located.  Plaintiff Eugene Sherrod was traveling with his wife and was seated in the Mercedes' front passenger seat.

16.     Moments after Plaintiff Vashti Sherrod parked her Mercedes, Defendant Schulz stopped her car next to Plaintiffs' car and began attempting to parallel park her Isuzu Trooper truck behind Plaintiffs' car.

17.     As Defendant Schulz began to back her truck up to park, Plaintiff Vashti Sherrod was still seated in the driver's seat of her car and saw that Schulz was about to collide with her Mercedes.  Plaintiff Vashti Sherrod's car window was closed, but she nevertheless tried to get Schulz's attention by yelling "stop."

18.    Schulz stopped when her truck had collided with the driver's side mirror of Plaintiff's Mercedes.

19.    After the collision, Plaintiff Vashti Sherrod and Defendant Schulz came out of their vehicles.  Plaintiff Vashti Sherrod saw that Schulz's truck had struck and damaged the driver's side mirror of Plaintiffs' Mercedes and pointed out the property damage to Schulz.  Schulz responded by shouting obscenities at Plaintiff.

20.    Plaintiff Vashti Sherrod was shocked and frightened by Schulz's behavior and tried to remain calm as she attempted to exchange insurance and vehicle information with Shultz.

21.    Defendant Schulz repeatedly retreated to her truck and came back toward Plaintiff Vashti Sherrod shouting obscenities and gesturing with her finger toward Plaintiff Vashti Sherrod in a threatening and menacing manner.

22.    During this time, Defendant Schulz stated that her dog had just died and that her husband had just left her for another woman.  Defendant Schulz said "he did not leave me for a black nigger woman like you, he likes white women."  Plaintiff Eugene Sherrod heard the entire conversation between his wife and Defendant Schulz.

23.    Defendant Schulz then opened her front passenger door to get back into her car, hitting the front left fender of Plaintiffs' Mercedes with the door and causing damage to the fender of Plaintiffs' car.  As Plaintiff Vashti Sherrod walked to the rear

of her Mercedes to inspect it for other damage, Defendant Schultz continued to curse at her and physically confronted her at least three times. Defendant Schultz then got into her car and drove away from the scene at a high rate of speed.

24.     Later on May 14, 2015, Defendant Schulz called the MPD First District Station located near her home.  Soon thereafter, Defendant McHugh came to Defendant Schultz's home and met with Schultz.  During their meeting, Defendant Schultz falsely told Defendant McHugh that the following events had occurred after her collision with Plaintiffs' Mercedes that morning:

> After writing down the insurance information, [Schultz] again asked for Vashti Sherrod's name. Sherrod replied, 'I'm not going to give you my name. I'm going to give you the barrel of my gun.' At that time, Eugene Sherrod encouraged his wife by saying, 'Yeah, yeah, get it, get it.' [Schultz] didn't take this threat seriously at first because the Sherrod's both appeared to be in their 80s. However, Vashti Sherrod went to her car and reached under the driver's seat, pulling out what [Schultz] described as a black semi-automatic pistol similar to what a police officer would carry. Vashti Sherrod pointed the pistol at her and began walking toward her in a threatening manner. [Schultz] walked to the rear of her own car, heading to the driver's side to get away from Vashti Sherrod, who followed her to the back of the car. [Schultz] got in her car and left the scene.

25.     Thereafter, Defendant McHugh, as he did assiduously throughout his investigation, took his time and located and obtained a 17-minute video surveillance recording that captured the entire interaction between Plaintiff Vashti Sherrod and Defendant Schultz at the May 14, 2015 traffic accident scene. Defendant McHugh viewed the recording in its entirety and knew or should have known that the video did

not corroborate the allegations against Plaintiff Vashti Sherrod that Defendant

Schultz had asserted during Defendant McHugh's May 14, 2015 interview of her.

26.     On May 21, 2015, Plaintiff Vashti Sherrod arrived home and found a

business card in her mailbox that had been left there by Defendant McHugh. On the

back of the card, McHugh had handwritten a note to Plaintiff that asked her to call

him at the telephone number listed on his card.

27.     Over the next several days, Plaintiff Vashti Sherrod called and left

messages for Defendant McHugh at his telephone number.  McHugh did not respond

to the telephone messages that she left for him.

28.     On May 25, 2015, Plaintiff Vashti Sherrod was finally able to reach

Defendant McHugh by telephone.  He explained to her that he was investigating a

complaint from Defendant Schulz, alleging that Plaintiff Vashti Sherrod had pointed

a gun toward Shultz in the aftermath of the May 14, 2015 motor vehicle collision and

that the alleged assault had been captured on videotape.

29.     In her telephone conversation with Defendant McHugh, Plaintiff Vashti

Sherrod emphatically told McHugh that she did not own a gun and had never pointed

a gun at Defendant Schulz at any time.  Defendant McHugh persisted and told

Plaintiff Sherrod that he could have searched her car, seized her vehicle, and had her

arrested on the day he left his card in her mailbox.

30.    On information and belief, at some point between May 25, 2015 and

June 29, 2015, Defendant McHugh filed a false official MPD police report stating

that Plaintiffs' Mercedes was stolen.  McHugh's report was sent to the MPD

Communication Division and placed in its automated system, which caused incorrect

information to be broadcast over the Washington Area Law Enforcement System

("WALES"), falsely notifying all Washington metropolitan area law enforcement

personnel that Plaintiffs' car was stolen and instructing them to stop and arrest the

drivers of the car.

31.    On June 23, 2015, Defendant McHugh contacted Detective Simmons of

the City of Bowie Police Department and convinced him to file an application in the

Circuit Court for Prince George's County, Maryland for a "Knock Search and Seizure

Warrant" for Plaintiffs' home.

32.    Defendant McHugh gave information about Plaintiffs to Detective

Simmons that he knew or should have known was materially false, including but not

limited to the materially-false allegations made by Defendant Schultz against Plaintiff

Vashti Sherrod on May 14, 2015, set forth in Paragraph 24 supra. Detective Simmons

included the materially false information provided to him by Defendant McHugh in

the affidavit that he signed and presented to Prince George's County Circuit Court

Judge Michael P. Whalen.  Based on the materially false information contained in the

affidavit, Judge Whalen issued a search warrant for Plaintiffs' home at 11:20 a.m. on

June 29, 2015.

33.     On the morning of June 29, 2015, Plaintiff Vashti Sherrod took her

Mercedes for routine maintenance service at Euro Motors in Bethesda, Maryland.

After the car had been serviced, Plaintiff began to drive home with her husband

Plaintiff Eugene Sherrod seated next to her. Her route home took her through the

District.

34.     At or about 12:15 p.m. on June 29, 2015, as Plaintiffs' Mercedes neared

the Library of Congress building on Pennsylvania Avenue Southeast, Plaintiff Vashti

Sherrod noticed two United States Capitol Police patrol cars in her rear view mirror.

Plaintiff Vashti Sherrod pulled her car to the curb and stopped.  Three police officers

left the patrol car, came up along the sides of her vehicle from behind her car, and

pointed shotguns at Plaintiffs, who sat terrified in their car.

35.     The lead Capitol Police officer told Plaintiff Vashti Sherrod that the

Capitol police had received a report that the car Plaintiffs were driving was a stolen

vehicle. Plaintiff Vashti Sherrod assured the police officer that she and her husband

owned the car and that it was not stolen.  The lead Capitol Police officer told

Plaintiffs that he was not going to arrest any "senior citizens" and instructed them to

wait inside their car.

36.     A few minutes later, Defendant McHugh arrived at the scene of the

traffic stop, immediately ordered both Plaintiffs out of their car, and laughingly

stated: "Remember me, I am going for your gun and to seize your vehicle."

Defendant McHugh then searched Plaintiffs' car and found neither a gun nor any

other contraband.  By now, Plaintiffs were visibly upset by these events and by

McHugh's outrageous conduct; the lead Capitol Police officer consoled Plaintiff

Eugene Sherrod, who was sobbing.  After approximately ninety minutes, Plaintiffs

were released.

37.     On July 7, 2015 at approximately 9:00 p.m., Plaintiffs were at home and

had retired to their bedroom for the evening when they were awakened by the sound

of pounding on their front door and flashing lights coming through the front windows

of their home in suburban Prince George's County, Maryland.

38.     Plaintiffs cowered inside their home, fearing a home invasion.  Then, the

front door to their home was kicked in and Prince George's County police officers,

lead by Defendant McHugh, barged through their door and into Plaintiffs' home.

One of the officers ordered Plaintiff Vashti Sherrod to place her hands on her head,

while another officer handcuffed Plaintiff Eugene Sherrod. Both Plaintiffs were in

their pajamas.  Plaintiffs were terrified.

39.     Defendant McHugh demanded that Plaintiffs produce their guns and

ammunition. Plaintiffs explained that they did not own a gun or have ammunition for

one.  Defendant McHugh responded by stating the "search is on."

40.    Defendant McHugh personally and solely conducted the search of Plaintiffs' home. During the search, McHugh upended Plaintiffs' furniture, shelves, books, and personal effects and found nothing.  As he was leaving Plaintiffs' home, Defendant McHugh gave Plaintiff Vashti Sherrod a copy of the search warrant he had obtained.  The Prince George's County police officers released the Plaintiffs and they spent the evening cleaning up their ransacked home.

41.    On July 10, 2015, despite not finding a gun in the Plaintiffs' car or home, Defendant McHugh: (1) swore out a false complaint against Plaintiff Vashti Sherrod, in which he claimed that "[o]n or about May 14, 2015; within the District of Columbia, Vashti Valma Sherrod assaulted Diane Schulz with a dangerous weapon, that is, gun. (Assault with a Dangerous Weapon, in violation of 22 D.C. Code, Section § 402 (2001 ed.))" and (2) swore out a false affidavit in support of an application for an arrest warrant for Plaintiff Vashti Sherrod, which McHugh presented to D.C. Superior Court Judge John Bagley.

42.    In the affidavit, Defendant McHugh asserted facts which McHugh knew or should have known were materially false, including but not limited to the materially-false allegations made by Defendant Schultz against Plaintiff Vashti Sherrod on May 14, 2015, set forth in Paragraph 24 supra.

43.    Based solely on McHugh's affidavit, on July 10, 2015, Judge Bagley issued a warrant for the arrest of Plaintiff Vashti Sherrod.

44.    On or about July 18, 2015, Plaintiff Vashti Sherrod retained attorney Brian McDaniel to represent her in matters pertaining to the arrest warrant. Attorney McDaniel then contacted Defendant Detective McHugh and ascertained that McHugh was planning to fill out a warrant for her arrest.

45.    At or about 5:00 a.m. on July 20, 2015, Plaintiff Vashti Sherrod, accompanied by attorney McDaniel, turned herself in at the Metropolitan Police Department First District. There, Plaintiff Vashti Sherrod was handcuffed, fingerprinted, photographed, and jailed -- all pursuant to the fraudulent arrest warrant sought and obtained by Defendant McHugh.

46.    On July 20, 2015, Plaintiff Vashti Sherrod was transferred to the Central Cell Block of the Metropolitan Police Department, located at 300 Indiana Avenue NW, where she awaited her initial appearance in D.C. Superior Court.

47.    On July 20, 2015, Plaintiff Vashti Sherrod was presented to Magistrate Judge Raymond in shackles and formally charged with assault with a deadly weapon, a felony.  Magistrate Judge Raymond released Plaintiff Vashti Sherrod on her own recognizance and ordered her to return for a preliminary hearing on August 12, 2015.

48.    On August 12, 2015, Plaintiff Vashti Sherrod attended the preliminary hearing before Magistrate Judge Sullivan.  At the conclusion of the hearing, the court bound the case over to the Grand Jury for its consideration.

49.    On or about January 6, 2016, Plaintiff Vashti Sherrod learned through her counsel that the United States Attorney's Office, the local prosecutor for felony crimes in the District of Columbia, had dismissed the felony charge pending against her and that she would not be prosecuted.

**COUNT I**
**(Defendant McHugh's Violation of Plaintiff Vashti Sherrod's**
**Fourth Amendment Rights Under 42 U.S.C. § 1983)**

50.    Plaintiffs incorporate by reference each preceding paragraph as if fully set forth herein.

51.    At all relevant times, Plaintiff Vashti Sherrod had a constitutional right under the Fourth Amendment of the United States Constitution to be secure from state actions that result in unlawful searches and seizures and arrests made without probable cause.

52.    At all relevant times, Defendant McHugh was a state actor acting under the color of law, custom, or usage of the District of Columbia and on behalf of and in the interests of his employer, the District of Columbia.

53.    Defendant McHugh and other police officers acting on his behalf and/or direction pursued, searched, seized, and arrested Plaintiff Vashti Sherrod, all without probable cause to believe that she had committed or was about to commit a crime.

54.     Defendant McHugh did not have a good faith or reasonable belief that probable cause existed to seize or arrest Vashti Sherrod or to search Vashti Sherrod's person or home.

55.     As a direct and proximate result of Defendant McHugh's wrongful conduct, Plaintiff Vashti Sherrod suffered significant emotional pain, physical pain, suffering, fear and shame, and other damages.

**COUNT II**
**(Defendant McHugh's Violation of Plaintiff Eugene Sherrod's**
**Fourth Amendment Rights Under 42 U.S.C. § 1983)**

56.     Plaintiffs incorporate by reference each preceding paragraph as if fully set forth herein.

57.     At all relevant times, Plaintiff Eugene Sherrod had a constitutional right under the Fourth Amendment of the United States Constitution to be secure from state actions that result in unlawful searches and seizures and arrests made without probable cause.

58.     At all relevant times, Defendant McHugh was a state actor acting under the color of law, custom, or usage of the District of Columbia and on behalf of and in the interests of his employer, the District of Columbia.

59.     Defendant McHugh and other police officers acting on his behalf and/or direction pursued, searched, and seized Plaintiff Eugene Sherrod, all without probable cause to believe that he had committed or was about to commit a crime.

60.    Defendant McHugh did not have a good faith or reasonable belief that probable cause existed to seize Eugene Sherrod or to search Eugene Sherrod's person or home.

61.    As a direct and proximate result of Defendant McHugh's wrongful conduct, Plaintiffs suffered significant emotional pain, physical pain, suffering, fear and shame, and other damages.

## COUNT III
### (Defendant District of Columbia's Violation of Plaintiffs Vashti and Eugene Sherrod's Fourth Amendment Rights Under 42 U.S.C. § 1983)

62.    Plaintiffs incorporate by reference each preceding paragraph as if fully set forth herein.

63.    At all relevant times, Plaintiffs had a Constitutional right under the Fourth Amendment of the United States Constitution to be secure from state actions that result in unlawful searches and seizures and arrests made without probable cause.

64.    At all relevant times, Defendant District of Columbia had a duty to properly hire, train, supervise, and (if necessary) discharge its employees, including Defendant McHugh, in order to protect the public against dangers that would be likely to occur in the absence of proper hiring, training, supervision, and/or termination.

65.    Defendant District of Columbia's negligent failure to train, supervise, suspend, or discharge Defendant McHugh were state actions and/or inactions that

subjected Plaintiffs to unlawful searches and seizures and arrest without probable

cause in violation of the Fourth Amendment.

66.    Defendant District of Columbia is directly liable for the violations of

Plaintiffs' constitutional rights.

67.    As a direct and proximate result of Defendants' wrongful conduct,

Plaintiffs suffered significant emotional pain, physical pain, suffering, fear and

shame, and other damages.

### COUNT IV
### (Defendants Schultz and McHugh's
### Malicious Prosecution of Plaintiff Vashti Sherrod)

68.    Plaintiffs incorporate by reference each preceding paragraph as if fully

set forth herein.

69.    Defendants Schultz and McHugh initiated and/or procured a criminal

proceeding against Plaintiff Vashti Sherrod in the absence of probable cause for the

proceeding and with malicious intent on the part of theses Defendants.

70.    The criminal proceeding was terminated in favor of Plaintiff Vashti

Sherrod when the criminal charge pending against her was dismissed on or about

January 7, 2016.

71.    Defendants McHugh and Schulz's actions towards Plaintiff Vashti

Sherrod constitute a malicious prosecution in violation of the common law of the

District of Columbia.

72.     At the time Defendant McHugh committed this unlawful conduct

towards Plaintiff Vashti Sherrod, he was acting as a police officer employed by the

District of Columbia Metropolitan Police Department and was acting on behalf of and

in the interests of his employer, Defendant District of Columbia.

73.     Defendant District of Columbia is vicariously liable for the actions taken

by Defendant McHugh in maliciously prosecuting Plaintiff Vashti Sherrod under the

doctrine of respondeat superior.

74.     As a direct and proximate result of Defendants' wrongful conduct,

Plaintiffs suffered significant emotional pain, physical pain, suffering, fear and

shame, and other damages.

## COUNT V
### (Defendants McHugh and District of
### Columbia's Assault of Plaintiffs Vashti and Eugene Sherrod)

75.     Plaintiffs incorporate by reference each preceding paragraph as if fully

set forth herein.

76.     Defendant McHugh and/or police officers on his behalf and/or direction,

without provocation or a reasonable or valid basis to do so, engaged in harmful and

offensive conduct towards both Plaintiffs.

77.     Defendant McHugh's conduct caused Plaintiffs to reasonably fear that

they would be subjected to imminent harmful or offensive contact and McHugh

and/or the police officers who acted on his behalf and/or direction had the apparent

clear and present ability to carry out the expected harmful or offensive contact.

78.     Defendant McHugh's actions towards Plaintiffs constitute an assault in violation of the common law of the District of Columbia.

79.     At the time Defendant McHugh committed this unlawful conduct towards Plaintiffs, he was acting as a police officer employed by the District of Columbia Metropolitan Police Department and was acting on behalf of and in the interests of his employer, Defendant District of Columbia.

80.     Defendant District of Columbia is vicariously liable for the actions taken by Defendant McHugh in assaulting both Plaintiffs under the doctrine of respondeat superior.

81.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs suffered significant emotional pain, physical pain, suffering, fear and shame, and other damages.

## COUNT VI
### (Defendants McHugh and District of Columbia's False Arrest of Plaintiff Vashti Sherrod)

82.     Plaintiffs incorporate by reference each preceding paragraph as if fully set forth herein.

83.     At no time did Defendant McHugh or any other police officer have probable cause to arrest Plaintiff Vashti Sherrod.

84.    There was no legal justification for Defendant McHugh to have caused Plaintiff Vashti Sherrod to be arrested.

85.    Defendant McHugh's unlawful arrest of Plaintiff Vashti Sherrod caused her to endure significant emotional pain, physical pain, suffering, fear and shame, and incurred legal expenses.

86.    Defendant McHugh's actions towards Plaintiff Vashti Sherrod constitute a false arrest in violation of the common law of the District of Columbia.

87.    At the time Defendant McHugh committed this unlawful conduct towards Plaintiff Vashti Sherrod, he was acting as a police officer employed by the District of Columbia Metropolitan Police Department and was acting on behalf of and in the interests of his employer, Defendant District of Columbia.

88.    Defendant District of Columbia is vicariously liable for the actions taken by Defendant McHugh in falsely arresting Plaintiff Vashti Sherrod under the doctrine of respondeat superior.

89.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiff Vashti Sherrod suffered significant emotional pain, physical pain, suffering, fear and shame, and other damages.

## COUNT VII
### (Defendants McHugh, Schultz, and District of Columbia's Intentional Infliction of Emotional Distress on Plaintiffs Vashti and Eugene Sherrod)

90.     Plaintiffs incorporate by reference each preceding paragraph as if fully set forth herein.

91.     Defendants Schultz and McHugh's conduct complained of herein was extreme and outrageous and intentionally and/or recklessly caused both Plaintiffs severe emotional distress.

92.     The conduct of Defendants Schultz and McHugh towards Plaintiffs constitutes the intentional infliction of emotional distress in violation of the common law of the District of Columbia.

93.     At the time Defendant McHugh committed this unlawful conduct towards Plaintiffs, he was acting as a police officer employed by the District of Columbia Metropolitan Police Department and was acting on behalf of and in the interests of his employer, Defendant District of Columbia.

94.     Defendant District of Columbia is vicariously liable for the conduct taken by Defendant McHugh against Plaintiffs complained of herein under the doctrine of respondeat superior.

95.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs Vashti and Eugene Sherrod suffered significant emotional pain, suffering, fear and shame, and other damages.

## COUNT VIII
### (Defendants McHugh and District of Columbia's Negligence
### Toward Plaintiffs Vashti and Eugene Sherrod)

96.     Plaintiffs incorporate by reference each preceding paragraph as if fully set forth herein.

97.     Defendant McHugh, acting as an employee for Defendant District of Columbia in his capacity as a police officer for the District of Columbia, owed a duty to Plaintiffs to perform his police duties without violating Plaintiffs' constitutional rights under the Fourth Amendment of the United States Constitution to be secure from state actions that result in unlawful searches and seizures and arrests made without probable cause.

98.     Defendant breached his duty to Plaintiffs by subjecting them to unlawful searches and seizures and arrests made without probable cause -- negligent acts for which Defendant McHugh is individually liable.

99.     Defendant District of Columbia is vicariously liable for the actions taken by Defendant McHugh against Plaintiffs complained of herein under the doctrine of respondeat superior.

100.    As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs suffered significant emotional pain, suffering, fear and shame, and other damages.

## COUNT IX
**(Defendants McHugh and District of Columbia's Negligent
Infliction of Emotional Distress on Plaintiffs Vashti and Eugene Sherrod)**

101.   Plaintiffs incorporate by reference each preceding paragraph as if fully set forth herein.

102.   Defendant McHugh's relationship with Plaintiffs was of a nature that necessarily implicated Plaintiffs' emotional well-being and in which it was especially likely that Defendant's negligence would cause serious emotional distress to Plaintiffs.

103.   The negligent acts and omissions of Defendant McHugh caused serious emotional distress to Plaintiffs that a reasonable person in Defendant's position would have foreseen under the circumstances.

104.   The conduct of Defendant McHugh towards Plaintiffs constitutes the negligent infliction of emotional distress in violation of the common law of the District of Columbia.

105.   At the time Defendant McHugh committed this unlawful conduct towards Plaintiffs, he was acting as a police officer employed by the District of Columbia Metropolitan Police Department and was acting on behalf of and in the interests of his employer, Defendant District of Columbia.

106.   Defendant District of Columbia is vicariously liable for the conduct taken by Defendant McHugh against Plaintiffs complained of herein under the doctrine of respondeat superior.

107.   As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs suffered significant emotional pain, suffering, fear and shame, and other damages.

### COUNT X
### (Defendants McHugh and Schulz's
### Liability for Punitive Damages)

108.   Plaintiffs incorporate by reference each preceding paragraph as if fully set forth herein.

109.   The tortious acts and omissions of Defendants McHugh and Schulz complained of herein were accompanied by fraud, ill will, recklessness, wantonness, oppressiveness, and willful disregard for Plaintiffs' rights.

110.   Plaintiffs are entitled to an award of punitive damages against these Defendants under the common law of the District of Columbia in order to punish Defendants' outrageous behavior and to deter them from engaging in such misconduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

    (a)  enter judgment against Defendants;

    (b)  enter a declaratory judgment declaring that the actions of Defendants McHugh and the District of Columbia violated Plaintiffs' constitutional rights under the Fourth Amendment of the United States Constitution;

    (c)  award compensatory damages against all Defendants jointly and severally in the amount of $10 million;

    (d)  award punitive damages against Defendants Schultz and McHugh jointly and severally in the amount of $10 million;

    (e)  award Plaintiffs' costs, interest, and reasonable attorneys' fees for this action pursuant to 42 U.S.C. §1988; and

    (f)  order such other and further relief as the Court deems just and proper under the circumstances.

*/s/ Kenneth D. Bynum*
Kenneth D. Bynum
D.C. Bar No. 424515
Bynum & Jenkins, PLLC
1010 Cameron Street
Alexandria, VA 22314
T: (703) 549-7211
F: (703) 549-7701
E: kbynum@bynumandjenkinslaw.com

*/s/ Peter T. Enslein*
Peter T. Enslein
D.C. Bar No. 367467
Law Offices of Peter T. Enslein, P.C.
1738 Wisconsin Avenue, NW
Washington, DC 20007
T: (202) 329-9949
F: (202) 625-3490
E: peter@ensleinlaw.com

*Attorneys for Plaintiffs*

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury on all counts so triable.

*/s/ Kenneth D. Bynum*
Kenneth D. Bynum