THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VASHTI SHERROD, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-cv-00816 (RC) |
| | ) | |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THE DISTRICT DEFENDANTS' MOTION FOR
PARTIAL DISMISSAL OF THE AMENDED COMPLAINT**

Defendants the District of Columbia and Officer Phillip McHugh (the "District Defendants"), through undersigned counsel, hereby move pursuant Fed. R Civ. P. 12(b)(6) to dismiss with prejudice Counts VI, VII, VIII, IX, XIII, XIV, and XV of the Amended Complaint.

This case arises out of a minor car accident between the Plaintiffs and Co-Defendant Diane Schulz. Plaintiffs allege that after the accident Ms. Schulz called MPD and falsely reported that Ms. Sherrod pointed a gun at her after the accident. Defendant Officer McHugh received the account from Ms. Schulz and later viewed a video tape of encounter. Plaintiffs primarily allege that Officer McHugh's decision to credit Ms. Schulz's account, and ultimately seek a warrant for Ms. Sherrod's arrest, gives rise to a Fourth Amendment claim and a number of common law claims. But as discussed in more detail in the attached memorandum, the Court should dismiss the bulk of Plaintiffs' claims for the following reasons:

I.    <u>Ms. Sherrod's malicious prosecution claim (Count IV and XIII) fails because there was no favorable termination.</u>

Ms. Sherrod brings a claim for Malicious Prosecution against Officer McHugh and the District. In support, she alleges that Officer McHugh "initiated, procured, and advanced a

1

criminal proceeding" against her in the "absence of probable cause for the proceeding and with malicious intent."  However, Ms. Sherrod's underlying criminal matter was not dismissed in her favor, which is a necessary element to the claim.

II.      Plaintiffs' assault claim (Count VII) fails because Officer McHugh did not take any actions that give rise to a reasonable apprehension of injury or imminent contact.

Plaintiffs bring a claim for assault against Officer McHugh, alleging that he "engaged in harmful and offensive conduct towards both Plaintiffs."  However, none of Plaintiffs' allegations support a plausible inference that Officer McHugh made an "intentional and unlawful attempt or threat" to do physical harm to Plaintiffs.  Officer McHugh was not even present when the Capitol Police pulled over Plaintiffs.  Similarly, Plaintiffs could not have reasonably believed that the breaching of their door was going to cause them physical harm because they concede that they were in bed when the Prince Georges Police first breached the premises.

III.     Plaintiffs' negligence claim (Counts VIII and XIV) fails because they did not plead a viable  violation of the standard care and there is no standard of care separate from the intentional torts.

Plaintiffs premise their negligence claim on Officer McHugh's alleged violation of "MPD's internal written policies and procedures."  But this alone is insufficient to support a negligence claim because the "D.C. Court of Appeals has held that such internal policies— standing alone—cannot demonstrate the applicable standard of care."  Plaintiff's additional reliance on Officer McHugh's alleged violations of the Plaintiffs' Fourth Amendment rights does nothing to remedy the deficiency.  In a case involving intentional torts, a plaintiff must allege breach of a standard of care that is distinct from her other intentional tort allegations.  Plaintiffs have failed to do so and thus their negligence claim fails.

IV.    Plaintiffs' negligent infliction of emotional distress claim (Counts IX and XV)
       fails because Plaintiffs do not have a viable negligence claim and were never in
       the zone of danger.

Plaintiffs fall short of satisfying the zone of danger element of negligent infliction of

emotional distress because Plaintiffs cannot reasonably claim that they were "in actual physical

danger" with respect to the search of their car, their house, and their subsequent arrest.  The

allegations do not even suggest that Officer McHugh made any gestures that would make

Plaintiffs fearful of imminent physical harm.  Plaintiffs allegations also fail to plausibly establish

the negligence element of negligent infliction of emotional distress because Plaintiffs fail to

allege an underlying negligence claim distinct from their intentional torts.

The grounds for this motion are more fully set forth in the accompanying memorandum of

points and authorities incorporated herein by reference.  A proposed order is also attached.

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ *Jonathan H. Pittman*
JONATHAN H. PITTMAN [430388]
Assistant Deputy Attorney General,
Civil Litigation Division

/s/ *Joseph A. González*
JOSEPH A. GONZÁLEZ
Assistant Attorney General
D.C. Bar No. 995057
441-4th Street, N.W., Sixth Floor South
Washington, D.C.  20001-2714
202-724-5692 (direct)
joseph.gonzalez@dc.gov

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VASHTI SHERROD, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-cv-00816 (RC) |
| | ) | |
| DISTRICT OF COLUMBIA, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE DISTRICT DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF THE AMENDED COMPLAINT

Defendants the District of Columbia and Phillip McHugh (the "District Defendants"), through undersigned counsel, hereby move pursuant Fed. R Civ. P. 12(b)(6) to dismiss with prejudice Counts VI, VII, VIII, IX, XIII, XIV, and XV of the Amended Complaint against the District Defendants.

### <u>Facts Alleged</u>

This case arises out of a minor car accident between Plaintiffs Vashti Sherrod and Eugene Sherrod ("Plaintiffs"), who were in their vehicle, and co-Defendant Diane Schulz ("Ms. Schulz") that occurred on May 14, 2015 on 911 11th Street, S.E. at approximately 11:00 am.  (Amended Complaint ¶¶ 14-17).  Plaintiffs allege that after the accident Ms. Schulz began shouting obscenities at Plaintiffs and eventually stormed off.  (*Id*. ¶¶ 18-20).  Plaintiffs further allege that later that day Ms. Schulz called MPD and reported that during the exchange Ms. Sherrod pulled a gun on Ms. Schulz, which was allegedly not true.  (*Id*. ¶ 23).

Officer Phillip McHugh was assigned to the matter and followed up with Ms. Schulz, who once again related her account.  (*Id*. ¶¶ 23-24).  Officer McHugh later obtained a video of

1

the incident, which allegedly shows that Ms. Schulz was lying about the gun.  (*Id*).  Plaintiffs

further allege that Officer McHugh investigated the case by (1) contacting Ms. Sherrod, (2)

having her car stopped by the U.S. Capitol Police so that he could search it for a gun, and (3)

having Montgomery County execute a search warrant on the house. (*Id*. ¶¶ 26-40).   These

efforts failed to yield a recovery of the gun, but Officer McHugh still applied for and obtained a

warrant to arrest Ms. Sherrod for Assault with a Deadly Weapon.  (*Id*. ¶¶ 42-43).  On July 20,

2015, Ms. Sherrod turned herself into MPD, was arraigned, and released the same day.  (*Id*. ¶¶

45-48).   On January 6, 2016, the U.S. Attorney's office dismissed the case.  (*Id*. ¶ 55; *District of

Columbia v. Vashti Sherrod*, 2015 CF2 009758).

     On May 2, 2016, Plaintiffs filed the instant lawsuit against Officer McHugh, the District,

and Ms. Schulz.  The District Defendants subsequently moved to dismiss and Plaintiffs

responded by filing an Amended Complaint on June 14, 2016.  Plaintiffs primarily allege that

Officer McHugh's actions violated their Fourth Amendment rights (Counts I, II, and III) and as a

result they name him individually.  Additionally, both Plaintiffs bring common law claims

against Officer McHugh for False Arrest (Counts IV and V), Assault (Count VII), Negligence

(Count VIII); and Negligent Infliction of Emotional Distress ("NIED") (Count IX), and

Negligent Infliction of Emotional Distress ("IIED") (Count X).  Plaintiff Ms. Sherrod brings

claims against Officer McHugh and the District for False Arrest (Count IV and Count XII) and

Malicious Prosecution (Count VI and Count XIII).  Plaintiff Ms. Sherrod also brings claims for

common law Negligence (XIV), NIED (XV), and IIED (XVI) against the District.  Finally,

Plaintiff seeks punitive damages (Count XII).

     As set forth below, the Court should dismiss with prejudice Counts VI, VII, VIII, IX,

XIII, XIV, and XV of the Amended Complaint against the District Defendants.

**Standard of Review**

"[T]o survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 566 U.S. 662, 663 (2009) (internal quotation marks omitted); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the oft-quoted language from *Conley v. Gibson*, 355 U.S. 41, 45–56 (1957) instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim would entitle him to relief"). A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Iqbal*, 566 U.S. at 663. Although "detailed factual allegations" are not required to withstand a Rule 12(b)(6) motion, a Plaintiff must offer "more than labels and conclusions" to provide "grounds" of "entitle[ment] to relief." *Twombly*, 550 U.S. at 555. A Complaint alleging facts which are "'merely consistent with' a defendant's liability, . . . 'stops short of the line between possibility and plausibility' of 'entitlement to relief.'" *Iqbal*, 566 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (brackets omitted).

**Argument**

I.      **Ms. Sherrod's common law malicious prosecution claims (Counts VI and XIII) fail because there was no favorable termination.**

Ms. Sherrod brings a claim for Malicious Prosecution against Officer McHugh and the District. In support, she alleges that Officer McHugh "initiated, procured, and advanced a criminal proceeding" against her in the "absence of probable cause for the proceeding and with malicious intent." (Amend. Compl. ¶ 85). However, Ms. Sherrod's underlying criminal matter was not dismissed in her favor, which is a necessary element to the claim.

Under District of Columbia law, "there are four elements to the tort of malicious prosecution: (1) termination of the underlying suit in plaintiff's favor; (2) malice on the part of

the defendant; (3) lack of probable cause for the underlying suit; and (4) special injury occasioned by plaintiff as a result of the original action." *Pitt v. Dist. of Columbia*, 491 F.3d 494, 501 (D.C. Cir. 2007). To establish that an underlying matter terminated in a plaintiff's favor "the termination must reflect on the merits of the underlying action." *Brown v. Carr,* 503 A.2d 1241, 1245 (D.C. 1986). Thus, if the termination "is of such a nature as to indicate the innocence of the accused, it is a favorable termination sufficient to satisfy the requirement." *Id*. However, if "the dismissal is on technical grounds [or] for procedural reasons... it does not constitute favorable termination." *Id*. Dismissal of criminal charges by the prosecutor falls into the latter category because "[m]erely alleging that criminal charges were dismissed is… insufficient to plead that the underlying case was favorably terminated." *Kenley v. Dist. of Columbia*, 83 F. Supp. 3d 20, 42 (D.D.C. 2015). This is because:

> Prosecutors may dismiss or *nolle prosequi* cases for a whole host of reasons. Lack of adequate resources, a higher priority for other cases in an overburdened criminal justice system, witness availability problems, the heavy trial schedule of the particular prosecutor, and numerous other reasons all come to mind. None of these reasons necessarily reflect on the innocence of the accused.

*Id*.

In *Thorp v. Dist. of Columbia*, 2015 WL 6769071 (D.D.C. Nov. 5, 2015), the plaintiff claimed otherwise when the prosecutor dismissed his criminal case in D.C. Superior Court. *Id*. at *9. However, the court held that the dismissal did not qualify as favorable because the docket for the plaintiff's criminal case "include[d] the notation that it was 'Dismissed for Want of Prosecution' because 'Government was not ready to proceed with this case.'" *Id*. The court concluded that "[t]his, of course, is a dismissal *without* prejudice" and as a result dismissed the claim. *Id.*; *see also* D.C. Super. Ct. R. Crim. P. 48 ("A dismissal shall be without prejudice unless otherwise stated"); *Harris v. Dist of Columbia*, 696 F. Supp. 2d 123, 134 (D.D.C. 2010)

4

(dismissing the plaintiff's claim for malicious prosecution because the "Superior Court docket entry showing that the prosecutor dismissed Plaintiff's criminal charges… [did] not state any reason for termination of the prosecution"); *United States v. Jackson,* 528 A.2d 1211, 1223 n. 29 (D.C. 1987) (concluding that plaintiff failed to show that certain charges were dismissed with prejudice where "[t]he docket entry ... simply read[] that [the count in question] was dismissed by the government")).

Such is the case here, because the docket in the criminal case (2015 CF2 009758) shows that her criminal case was "dismissed" with no mention of whether it was with prejudice.  *See* D.C. Super. Ct. R. Crim. P. 48 ("A dismissal shall be without prejudice unless otherwise stated").  The prosecutor's January 6, 2016 dismissal praecipe is not materially different, as it directs "the Clerk of the Superior Court . . . [to] enter a Dismissal in the above captioned case."  Thus, Ms. Sherrod's malicious prosecution claim requires same result as *Thorp*.  Dismissal without mention of prejudice is inherently not a dismissal on the merits and thus cannot meet the favorable termination element.

Accordingly, the Court should dismiss Ms. Sherrod's claims for common law malicious prosecution (Counts VI and XIII) with prejudice.

## II.    Plaintiffs' assault claim (Count VII) fails because Officer McHugh did not take any actions that give rise to a reasonable apprehension of injury or imminent contact.

Plaintiffs bring a claim for assault against Officer McHugh alleging that he "engaged in harmful and offensive conduct towards both Plaintiffs."  (Amend. Compl. ¶¶ 91-92).  In support, Plaintiffs allege that "Officer McHugh and/or police officers acting on his behalf and/or direction" "pointed shotguns at Plaintiffs" when they were pulled over by the Capitol Police on June 29, 2015.  (*Id*. at ¶ 91).  Additionally, Plaintiffs allege that "Officer McHugh and/ police officers acting on his behalf and/or direction… engaged in harmful and offensive conduct

towards both Plaintiff… when they kicked down the door to Plaintiffs' home" on July 7, 2015.
(*Id*. at ¶ 92).  However, Plaintiffs fail to allege that Officer McHugh took any actions that could
constitute assault.

In the District, assault is defined as "an intentional and unlawful attempt or threat, either
by words or acts, to do physical harm to the plaintiff."  *Holder v. District of Columbia*, 700 A.2d
738, 741 (D.C. 1997); *see also Etheredge v. District of Columbia*, 635 A.2d 908, 916 (D.C.
1993) (same); *District of Columbia v. Chinn*, 839 A.2d 701, 705 (D.C. 2003) (same).  Leading
treatises agree that the attempt or offer of harm must be "under circumstances which give rise to
a reasonable or well-founded apprehension of injury or imminent contact."  6A C.J.S. Assault §
4 (2014); *see also* 6 Am. Jur. 2d Assault and Battery § 90 (2014) ("[T]he defendant's conduct
must place the plaintiff in reasonable fear of bodily harm… and made under such circumstances
as to affect a person of ordinary reason and firmness.").

Here, none of Plaintiffs' allegations support a plausible inference that Officer McHugh
made an "intentional and unlawful attempt or threat" to do physical harm to Plaintiffs.  Indeed,
although Plaintiffs allege that the Capitol Police pointed shotguns at them, there is no allegation
that Officer Pugh directed them to take this specific action.  In fact, it appears logically
impossible that Officer McHugh could have even requested this action since there is no
suggestion that Officer McHugh even knew the officers before they contacted him subsequent to
the stop.  Plaintiffs cannot impute a threat "to do physical harm to the plaintiff" onto Officer
McHugh if he never pointed the shotguns at Plaintiffs, directed the Capitol Police to point the
shotguns, or even was present when the allegation occurred.

Similar reasoning bars Plaintiffs' assault claim regarding the execution of the search
warrant.  Plaintiffs allege that by breaching the door to their home when executing the warrant

Officer McHugh committed an assault.  But there is no allegation that Officer McHugh was the one that breached door.  Moreover, Plaintiffs could not have reasonably believed that the door was going to cause them physical harm because they concede that they were in bed when the Prince Georges Police first breached the premises.  Plaintiffs could not have even visually observed that the door was breached, let alone conclude that it posed a physical risk to them.

Accordingly, the Court should Plaintiffs' assault claim (Count VII) with prejudice.

**III.    Plaintiffs' negligence claim (Counts VIII and XIV) fails because they did not plead a viable  violation of the standard care and there is no standard of care separate from the intentional torts.**

Plaintiffs bring a claim for negligence against the District Defendants.  In support, Plaintiffs' allege that Officer McHugh breached a duty "to perform his police duties in accordance with MPD's internal written policies and procedures… without violating [Plaintiffs'] constitutional rights under the Fourth Amendment."  (Amend. Compl. ¶ 100).  However, Plaintiffs' claim fails for two reasons.  First, Plaintiffs do not allege a violation of a viable standard of care.  Second, the negligence claim is not distinctly pled separate and apart from the intentional tort claims.

Plaintiffs premise their negligence claim on Officer McHugh's alleged violation of "MPD's internal written policies and procedures."  But this alone is insufficient to support a negligence claim because the "D.C. Court of Appeals has held that such internal policies—standing alone—cannot demonstrate the applicable standard of care."  *Briggs v. Washington Metro. Area Transit Auth.*, 481 F.3d 839, 848 (D.C. Cir. 2007); *see also Clark v. District Columbia*, 708 A.2d 632, 636 (D.C. 1997) ("Because the Suicide Prevention Plan is only an unpublished internal agency procedure and not a statute or regulation, it cannot embody the standard of care under a negligence *per se* theory"); *Nowlin v. District of Columbia*, No. 1:15-

CV-00524 (CRC), 2015 WL 5118512, at *4 (D.D.C. Aug. 28, 2015) (holding that D.C. Jails internal operating guidelines "are only internal policies that by themselves cannot establish a duty or a standard of care.")  Thus, Plaintiffs' negligence claim fails because they have not alleged a violation of the standard of care.

Plaintiff's additional reliance on Officer McHugh's alleged violations of the Plaintiffs' Fourth Amendment rights does nothing to remedy the deficiency.  Under District of Columbia law, a plaintiff who simultaneously asserts claims for negligence and intentional torts must ensure that the negligence claim is: "(1) distinctly pled; (2) based upon at least one factual scenario that presents an aspect of negligence apart from the use of excessive force itself; and (3) violative of a distinct standard of care." *Dormu v. Dist. of Columbia,* 795 F. Supp. 2d 7, 30 (D.D.C. 2011) (quoting *Dist. of Columbia v. Chinn,* 839 A.2d 701, 708 (D.C. 2003)) (internal quotation marks omitted).  These requirements exist because "while it is true that one incident may give rise to claims of intentional tort or negligence, these are separate theories of liability which must be presented individually and founded on appropriate evidence." *Sabir v. District of Columbia*, 755 A.2d 449, 452 (D.C. 2000); *see also Chinn*, 839 A.2d at 708 ("[O]ne incident may give rise to both negligence and intentional tort claims but [] plaintiffs must set forth theories meeting the individual requirements of each claim.")  This rule applies in equal force to constitutional claims that mirror the subject matter of common-law intentional torts.  *See Hunter v. District of Columbia*, 824 F. Supp. 2d 125, 143 (D.D.C. 2011) (dismissing plaintiff's negligence claim because it amounted to "nothing more than a duty to not falsely arrest, imprison, or violate Plaintiff's 'constitutional rights'").

Here, Plaintiffs' negligence claim fails because the claim is not based on any facts that present an aspect of negligence apart from the other (intentional) torts they allege.  Rather,

Plaintiffs concede that their negligence claim is premised on their claim on allegedly "unlawful searches, seizures, and arrests made without probable cause and/or based on false affidavits." (Amend. Compl. ¶ 100).  The fact that Plaintiffs couch this conduct in terms of duty and breach, does not alter the result.  *See Spicer v. District of Columbia*, 916 F. Supp. 2d 1, 5 (D.D.C. 2013) ("[I]nvoking the words 'duty,' 'breach,' 'cause,' and 'injury' does not transform an intentional tort into negligence.")[1]

Accordingly, the Court should dismiss Plaintiffs' negligence claims (Counts VIII and XIV) with prejudice.

**IV.    Plaintiffs' negligent infliction of emotional distress claim (Counts IX and XV) fails because Plaintiffs do not have a viable negligence claim and were never in the zone of danger.**

Plaintiffs bring a claim for negligent infliction of emotional distress ("NIED").  In support, they allege that Officer McHugh negligently subjected them to an "unlawful search, seizure, and arrest," that he (or other officers) negligently executed the search warrant to their home by failing to knock and announce, and that he negligently "swore out the false complaint and affidavit" that led to Ms. Sherrod's arrest.  (Amend. Compl. ¶¶ 109-112).  Plaintiffs also allege that Officer McHugh's "negligent acts or omissions caused police officers to seize Plaintiffs' vehicle and surround Plaintiffs' with guns drawn."  (*Id.* ¶ 108).  However, Plaintiffs'

---

[1]    As part of their negligence claim Plaintiffs allege in fatally conclusory terms that Officer McHugh "breached his duty to Plaintiffs by causing unnecessary damage to Plaintiffs' real and personal property."  (Amend. Compl. ¶ 103).  While Plaintiffs avoid using the word "negligence" in the relevant paragraphs, Plaintiffs' own point case cited in the Amended Complaint clarifies that such alleged conduct does not implicate negligence, but rather the intentional tort of trespass.  *See Brutsche v. City of Kent*, 164 Wash. 2d 664, 673, 193 P.3d 110, 116 (2008) ("if officers executing a search warrant unnecessarily damage the property while conducting their search, that is, if they damage the property to a greater extent than is consistent with a thorough investigation, they exceed the privilege to be on the land and liability in trespass can result.").

allegations fail to satisfy the "zone of danger" element of the tort, as well as the requirement that Plaintiffs possess premise tort on a viable allegation of negligence.

To "establish a *prima facie* case of negligent infliction of emotional distress, the plaintiff must prove that he was in the zone of danger created by the defendant's negligence and that the distress is serious and verifiable."[2] *Hill v. Medlantic Health Care Grp.*, 933 A.2d 314, 331 (D.C. 2007); *see also Williams v. Baker*, 572 A.2d 1062, 1073 (D.C. 1990). To meet this element the defendant's actions must have "caused the plaintiff to be in danger of physical injury and if, as a result, the plaintiff feared for his own safety." *Lesesne v. District of Columbia*, 146 F. Supp. 3d 190 (D.D.C. 2015); *see Arias v. DynCorp*, 752 F.3d 1011, 1017-18 (D.C. Cir. 2014) ("But under District of Columbia caselaw a plaintiff must be in actual physical danger to recover."). Moreover, in "applying the zone of danger rule [courts] recognize that its logic requires that the plaintiff's presence in the zone of danger be contemporaneous with her fear for her own safety." *Jane W. v. President & Directors of Georgetown Coll.*, 863 A.2d 821, 826 (D.C. 2004) (citations omitted).

NIED also requires that a plaintiff establish a viable underlying negligence claim. *See Cornish v. District of Columbia*, 67 F. Supp. 3d 345, 363 (D.D.C. 2014) ("the elements of a claim for negligent infliction of emotional distress are: (1) the plaintiff was in a zone of physical danger, which was (2) created by the defendant's negligence…"). Like any independent claim of negligence, this underlying negligence cannot be premised on intentional conduct. *See Brown v.*

_____

[2]     Alternatively, a plaintiff may establish NIED by showing that "the defendant has a relationship with the plaintiff, or has undertaken an obligation to the plaintiff, of a nature that necessarily implicates the plaintiff's emotional well-being." *Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 810 (D.C. 2011). While Plaintiffs alleged this alternative theory in their initial Complaint, it appears that Plaintiffs have now abandoned this alternative. In any event, this theory would fail because clearly Officer McHugh did not undertake a relationship with Plaintiffs that implicated their well-being.

10

*Argenbright Sec., Inc.*, 782 A.2d 752, 759 n. 9 (D.C. 2001) ("[S]ince the conduct alleged, even when viewed in the light most favorable to appellant, is not negligence but an intentional tort, appellant cannot recover damages for negligent infliction of emotional distress based on that conduct"); *Cornish*, 67 F. Supp. 3d at 364 (D.D.C. 2014) ("although the term 'intentional' is not always used explicitly, the alleged acts of [defendants] in harassing [plaintiff]… are clearly intentional conduct, not negligence.  Without any plausible allegations of negligent conduct, [plaintiff] fails to satisfy the basic [negligence] requirement of a [NIED] claim.").

Plaintiff's NIED claim fails to satisfy both the zone of danger and the underlying negligence elements.  Plaintiffs fall short of alleging a plausible zone of danger because Plaintiffs cannot reasonably claim that they were "in actual physical danger" with respect to the search of their car, their house, and their subsequent arrest.  *See Arias*, 752 F.3d at 1017-18.  In fact, the allegations do not even suggest that these were performed in a physical dangerous manner, let alone that Officer McHugh made any gestures that would make Plaintiffs fearful of imminent physical harm.  The only exception is the stop performed by the Capitol Police.  But neither Officer McHugh, nor the District had anything to do with how the Capitol Police chose to execute the stop.  Thus, Plaintiffs cannot use this allegation to establish that Officer McHugh and the District acted negligently.

Plaintiffs allegations also fail to plausibly establish the negligence element of NIED because, as discussed above, Plaintiffs fail to allege an underlying negligence claim.  Each instance of alleged negligence simply attempts to recharacterize the intentional conduct associated with the Plaintiffs' core Fourth Amendment claims as unintentional.  This tact contradicts the basic thrust of their allegations that Officer McHugh intentionally targeted and harassed the Plaintiffs.  (*See* Amend. Compl. ¶ 85, stating that Officer McHugh "initiated,

procured, and advanced a criminal proceeding" against Ms. Sherrod); *see also Cornish*, 67 F. Supp. 3d at 364 (D.D.C. 2014) (holding that because "the alleged acts of [defendants] in harassing [plaintiff]... are clearly intentional conduct, not negligence" the plaintiff was unable to meet the negligence element of his NIED claim).  Thus, because Plaintiffs fail to allege breach of a standard of care that is distinct from their intentional tort allegations, Plaintiffs cannot establish the negligence element of their IIED.

Accordingly, the Court should dismiss Plaintiffs' NIED claims (Counts IX and XV) with prejudice.

## Conclusion

For reasons set forth above the Court should dismiss with prejudice Counts VI, VII, VIII, IX, XIII, XIV, and XV of the Amended Complaint.

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ *Jonathan H. Pittman*
JONATHAN H. PITTMAN [430388]
Assistant Deputy Attorney General,
Civil Litigation Division

/s/ *Joseph A. González*
JOSEPH A. GONZÁLEZ
Assistant Attorney General
D.C. Bar No. 995057
441-4th Street, N.W., Sixth Floor South
Washington, D.C.  20001-2714
202-724-5692 (direct)
joseph.gonzalez@dc.gov

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VASHTI SHERROD, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-cv-00816 (RC) |
| | ) | |
| DISTRICT OF COLUMBIA, *et al*., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **<u>ORDER</u>**

Upon consideration of the District Defendants' Motion for Partial Dismissal, the

Memorandum of Points and Authorities in Support Thereof, any opposition thereto, and the

entire record herein, it is this ___ day of _____, 2016, hereby,

**ORDERED** that the Motion is **GRANTED**; it further is

**ORDERED** that Counts VI, VII, VIII, IX, XIII, XIV, and XV of the Amended

Complaint are **DISMISSED** with prejudice.

_____
Rudolph Contreras
United States District Judge

1