UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| VASHTI SHERROD, *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 16-0816 (RC) |
| | : | | |
| v. | : | Re Document No.: | 32 |
| | : | | |
| PHILLIP MCHUGH, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## ORDER

### GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Plaintiffs move to amend their complaint a second time to clarify the factual circumstances surrounding their previous claims and add a new claim for negligence against Individual Defendant Diane Schulz. *See* Mot. Leave File Second Am. Compl. ("Pls.' Mot. Amend.").[1] District Defendants take no position on the motion. *See* Pls.' Mot. Amend at 1. Individual Defendant Schulz opposes the motion insofar as it seeks to add the new negligence count, arguing that (1) Plaintiffs' counsel brings this action in bad faith because the proposed negligence count was added only after Plaintiffs' counsel learned that Ms. Schulz's car and homeowner's insurance policies do not cover intentional torts, and (2) Plaintiffs' allegations of intentional torts and negligence are contradictory. *See* Def. Schulz's Opp'n Pls.' Mot. Leave File Second Am. Compl. ("Def.'s Opp'n") at 1–3, ECF No. 35. Ms. Schulz also seems to suggest that (3) the new count does not state a claim for negligence because it "references no specific duty and simply references [Ms. Schulz]'s duty to 'act reasonably.'" Def.'s Opp'n ¶ 5. Because

---

[1] The Court provided a detailed factual background in its previous memorandum opinion. *See Sherrod v. McHugh*, No. 16-cv-0816, 2017 WL 627377, at *1–*4 (D.D.C. Feb. 15, 2017). The Court assumes familiarity with the facts of the case.

Ms. Schulz's first argument is insufficient to justify denying leave to amend and her second two arguments were largely rejected in the Court's previous memorandum opinion, Plaintiff's motion to amend will be granted.

The Court rejects Ms. Schulz's argument that the claim was added in bad faith. Under Rule 15(a)(2), leave to amend should be freely given when justice so requires. "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Under some circumstances, motions to amend that are intended to avoid summary judgment or otherwise "muddy the waters" of a court's resolution of the case may be denied as brought in bad faith. *See Hoffmann v. United States*, 266 F. Supp. 2d 27, 34 (D.D.C. 2003), *aff'd*, 96 F. App'x 717 (Fed. Cir. 2004). However, parties may move to amend to "clarify and amplify" the allegations in their complaint in light of facts learned during discovery and arguments made by the opposition. *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 301 F.R.D. 5, 7 (D.D.C. 2013). Courts are more likely to hold that motions to amend are brought in bad faith when the proposed amendments are similar to already-rejected claims or otherwise unlikely to succeed on their face. *See Hoffmann*, 266 F. Supp. 2d at 34. Preventing a party from amending her complaint on the basis of bad faith generally requires an affirmative showing by the nonmoving party. *Roller Bearing Co. of Am. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 386 (D. Conn. 2008) (citing *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 283–84 (2d Cir.2000)). Such a showing often requires extrinsic evidence. *See Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984).

Ms. Schulz does not show that Plaintiffs move to amend their complaint in bad faith. She has merely, in conclusory terms, asserted that the Sherrods amended their complaint based on the information they learned about Ms. Schulz's insurance coverage. She cites to no authority supporting her assumption that such a motivation constitutes "bad faith," nor does Ms. Schulz argue that the amendment would make discovery or litigation more complicated moving forward. *See generally* Def.'s Opp'n. But even if amending one's complaint based on the likelihood of recovery could be considered questionable (as opposed to strategic), Ms. Schulz has not factually supported her argument with more than conclusory assertions, let alone extrinsic evidence. *See generally* Def.'s Opp'n. And, the proposed claim is not duplicative or patently unlikely to succeed; as shown below, Plaintiffs state a cognizable negligence claim. The Court thus rejects Ms. Schulz's argument that the motion to amend the complaint was brought in bad faith.

Ms. Schulz's second argument—that amending the complaint would be futile because the negligence count contradicts the intentional tort claim—fares no better than her first. "A party may state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). As noted in the Court's previous memorandum opinion, plaintiffs are generally entitled to allege both intentional torts and negligence based on the same factual transaction. *Sherrod v. McHugh*, No. 16-cv-0816, 2017 WL 627377, at *7 (D.D.C. Feb. 15, 2017). A "plaintiff may continue to allege . . . inconsistent theories so long as she does not recover damages on both claims." *Dingle v. District of Columbia*, 571 F. Supp. 2d 87, 99 (D.D.C. 2008); *see also Harvey v. Kasco*, 109 F. Supp. 3d 173, 179 (D.D.C. 2015). To add a negligence count to a complaint alleging intentional torts, the negligence cause of action must be "distinctly pled" and "'based upon at least one factual scenario that presents an aspect of negligence' distinct from

3

the [intentional tort] itself." *Id.* at *7 (quoting *Dormu v. District of Columbia*, 795 F. Supp. 2d 7, 30 (D.D.C. 2011)). Plaintiffs' amended complaint distinctly pleads the negligence count and the intentional torts counts. *See* Proposed Am. Compl. ¶¶ 84–89; 118–23; 171–75. The counts are also based upon distinct factual scenarios: the allegations of intentional torts allege that Ms. Schulz intentionally filed false police reports while the negligence count alleges that she owed a duty to the Sherrods to prevent them from being unlawfully arrested and to withdraw her false complaint. *See* Proposed Am. Comp. ¶¶ 171–75. Because Plaintiffs are entitled to "state as many separate claims or defenses as it has, regardless of consistency," their proposed amendment would not be futile.

Ms. Schulz's final argument—that the negligence claim does not specifically describe the duty Ms. Schulz owed to Plaintiffs—also comes up short. "A uniform standard of care applies in actions for negligence [in the District of Columbia]: reasonable care under the circumstances." *Sherrod*, 2017 WL 627377 at *6 (quoting *O'Neil v. Bergan*, 452 A.2d 337, 341 (D.C. 1982)). A plaintiff need not further describe the applicable standard of care. *See id.*; *see also* Fed. R. Civ. P. 8(a) ("[A] claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."). The Court squarely addressed this issue in its previous memorandum opinion. *See Sherrod*, 2017 WL 627377 at *6. In fact, there the Court found Plaintiffs' claims plausible even though they did not explicitly state that the defendants owed District Defendants a duty of reasonable care under the circumstances. *See id*. There is no basis for Ms. Schulz's cursory argument that Plaintiffs are required to plead a more specific duty than the default "reasonable care under the circumstances." Accordingly, is hereby:

**ORDERED** that Plaintiffs' Motion for Leave to File a Second Amended Complaint (ECF No. 32) is **GRANTED**. It is

**FURTHER ORDERED** that Plaintiff's Second Amended Complaint (ECF No. 32-4) is **DEEMED FILED**.

**SO ORDERED**.

Dated: April 7, 2017                                                                 RUDOLPH CONTRERAS
                                                                                                      United States District Judge