UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VASHTI SHERROD | : | |
| EUGENE SHERROD, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 16-0816 (RC) |
| v. | : | |
| | : | |
| PHILLIP MCHUGH | : | |
| DISTRICT OF COLUMBIA | : | |
| DIANE LEE SCHULZ, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION *IN LIMINE*
TO PROHIBIT DEFENDANTS' USE AT TRIAL OF A MAY 15, 2015
TWEET AND TESTIMONY CONCERNING THE EMPLOYMENT
HISTORY OF PLAINTIFF VASHTI SHERRODS' SON**

Plaintiffs Vashti and Eugene Sherrod, through counsel, have moved the Court to prohibit all Defendants' use at trial of (1) a May 15, 2015 tweet (District Defendants' Trial Exhibit 33) and (2) testimony concerning the employment history of Plaintiff Vashti Sherrods' son. The grounds supporting this motion are as follows.

It is well established that "motions *in limine* are a means for arguing why 'evidence should or should not, *for evidentiary reasons*, be introduced at trial.'" *Graves v. District of Columbia*, 850 F. Supp. 2d 6, 10-11 (D.D.C. 2011) (emphasis in orginal) (citations omitted). Evidence that is immaterial or irrelevant to the issues at trial should be precluded as it tends to mislead or confuse a jury. "A key

purpose of motions *in limine* is to resolve specific evidentiary issues in advance of trial. *U.S. ex rel. El-Amin v. George Washington Univ.*, 533 F. Supp. 2d 12, 19 (D.D.C. 2008). "To this end, each party [is] obligated to demonstrate why certain categories of evidence should (or should not) be introduced at trial and to direct the Court to specific evidence, by pointing to specific parts of the record, that would favor or disfavor the introduction of that particular category of evidence." *Id*.

**1.     The Tweet**

A central issue in this case is Defendant Philip McHugh's failure to assess the credibility of Defendant Diane Schulz following her bizarre allegation: an elderly woman brandishing a gun in the aftermath of a relatively trivial traffic accident on May 14, 2015. In particular, Detective McHugh admitted in his March 6, 2017 deposition that he typically examines the social media posting of alleged crime victims, but inexplicably failed to conduct this due diligence regarding Ms. Schulz during his investigation prior to the grand jury proceedings.[1] At his deposition, Defendant McHugh was confronted with Twitter social media postings ("tweets") made by Ms. Schulz prior to the traffic accident that plainly indicated Ms. Schulz suffered from longstanding mental illness.[2] Knowledge of these

---

[1] McHugh dep. at 48:4-17, 57:21-62:1, Dep. Ex. 83. The cited excerpts and the exhibit from Defendant McHugh's deposition are attached as Exhibit 1.

[2] McHugh Dep. at 60:22-61:13, Dep. Ex. 83.

specific tweets alone would have led any reasonable police officer, at a minimum, to question the veracity of Ms. Schulz's story.  Moreover, a reasonable police officer, when confronted with this firsthand confirmation of the complainant's mental illness, would likely not have proceeded with a further investigation of the incident.  Defendant McHugh's failure to properly vet Ms. Schulz is therefore a matter of considerable import to the outcome of this litigation.

Plaintiffs' counsel were therefore astonished to receive the following email from the District Defendants' counsel David A. Jackson on December 20, 2018 during the preparation of the parties' joint pretrial statement due the next day:

> Attached is a tweet downloaded from Ms. Schulz's Twitter account. The tweet was download[ed] by Detective McHugh following his deposition. I had totally forgot that Detective McHugh sent this to me in March 2017 until he reminded me of the tweet on the day of mediation.  To be clear, Detective McHugh did not have a copy of this tweet during the course of his investigation and therefore, it had no bearing the decisions made during the course of the investigation.  I did not see this tweet included in Ms. Schulz's production of documents or in her initially [sic] disclosures.  We intend to include this on our exhibit list.[3]

The District Defendants' counsel's failure to produce this tweet in March 2017 when he first learned about it is transparently a violation of his obligation to timely supplement his clients' responses to Plaintiffs' discovery requests --

---

[3] Mr. Jackson's December 20, 2018 email and its attachment are attached hereto as Exhibit 2.  The tweet, dated May 15, 2015, reads "The streets of DC are dangerous folks. I had a little old lady from Mitchellville pull a gun on me over a popped side view mirror." *Id*.

3

especially where, as here, discovery closed months ago and the parties are on the eve of trial. Moreover, as the District Defendant's counsel notes in his email, he recalled again his failure to produce the tweet "on the day of mediation" (October 31, 2018) but inexplicably still failed to produce it. "I forgot" is not an acceptable explanation or excuse for such blatant discovery misconduct.

The failure of the District Defendants' counsel to timely produce the tweet in discovery irreparably prejudiced Plaintiffs' counsel's ability take further discovery of Defendants McHugh and Schulz about the tweet in preparation for trial. Nevertheless, Defendant McHugh's counsel has told Plaintiffs' counsel that he intends to use the tweet at trial. Given this history, Defendants should be precluded from doing so.

A district court has "inherent power to discipline breaches of the [discovery rules], even in the absence of a court order." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Sorac, Inc.*, No. Civ. A. 90-0606(RCL), 1991 WL 637106, at *4 (D.D.C. May 16, 1991) (citing *Labadie Coal Co. v. Black*, 672 F.2d 92, 95 (D.C. Cir. 1982). As the D.C. Circuit noted in *Labadie Coal Co.,* where the discovery "violation is willful *and the party guilty of the violation seeks to take advantage of it at a time when the harm cannot be undone*, suppression of the evidence may very well be the proper and only available remedy." *Labadie Coal Co. v. Black*, 672 F.2d at 95 (emphasis in the original). Such is the case here.

4

**2.       Plaintiff Vashti Sherrod's Son's Employment History**

On December 7, 2018, Plaintiffs' counsel Kenneth D. Bynum put the following question to all defense counsel *via* email: "Are any of the Defendants planning on asking any of the Plaintiffs or any witnesses about Mrs. Sherrod's son, a former police officer?"[4]  Three days later, the District Defendants' counsel, Mr. Jackson responded:

> I may ask your client a question or two about her son but I can assure you that I will not ask any specific questions about his employment history (including termination) with MPD.  Also, I will not ask if he gave his mother a gun.  I do want to establish that she has a son who was a police officer but I cannot say more than that because I do not want to divulge trial strategy.

Mrs. Sherrod's son, Thomas Hill, was at one time employed as a police officer with the Metropolitan Police Department and later left the Department.  It is well-known locally that the Metropolitan Police Department has long had a policy which permitted officers who leave its employment to keep their department-issued gun.  In deposition, Mrs. Sherrod denied that her son has ever given her a gun.[5]  Defense counsel have not deposed Mrs. Sherrod's son and no party has listed him as a trial witness.  Nor have the District Defendants produced any

---

[4]  Mr. Bynum's email exchange with counsel for the District Defendants, Mr. Jackson, discussed herein is attached as Exhibit 3.

[5]  V. Sherrod Dep. at 117:12-16, 126:20-128:20. The cited excerpts from Mrs. Sherrod's deposition is attached as Exhibit 4.

5

records that suggest that Mrs. Sherrod's son took his gun when he left the Department.

Thus, any question put to Plaintiffs about Mrs. Sherrod's son by defense counsel is solely intended to induce the jury to draw the impermissible and unfairly prejudicial inference that Mrs. Sherrod's son gave her a gun, and that she used the gun during the May 14, 2105 traffic incident. Since the exchange of emails, Mr. Jackson has refused to disclose his "trial strategy" or articulate any basis justifying an inquiry into Thomas Sherrod's employment history. This sort of gamesmanship is wholly antithetical to achieving a fair trial in this matter, and is explicitly barred by Federal Rule of Evidence 403. Where, as here, the probative value of relevant evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, and/or misleading the jury, the court should exclude the evidence. Fed. R. Evid. 403. The Court should require the District Defendants to explain the relevance of the proposed testimony. In the absence of a showing of the probative value of the proposed evidence, this Court should exclude any evidence regarding Thomas Hill's employment with the Metropolitan Police Department. Respectfully submitted:


/s/ Peter T. Enslein
Peter T. Enslein [367467]
Law Offices of Peter T. Enslein, P.C.
1738 Wisconsin Avenue, NW

6

Washington, DC 20007
T: (202) 329-9949
F: (202) 625-3490
E: peter@ensleinlaw.com

*/s/ Kenneth D. Bynum*
Kenneth D. Bynum [424515]
Bynum & Jenkins, PLLC
1010 Cameron Street
Alexandria, VA 22314
T: (703) 549-7211
F: (703) 549-7701
E: kbynum@bynumandjenkinslaw.com
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on January 4, 2019, I served a copy of the foregoing *via* the CM/ECF system on:

David A. Jackson, Esq.
David I. Schifrin, Esq.
Office of Attorney General of the District of Columbia
441 Fourth Street, NW, 6th Floor North
Washington, DC 20001
*Attorneys for Defendants District of Columbia and Phillip McHugh*

David F. Grimaldi, Esq.
Martell, Donnelly, Grimaldi & Gallagher, PA
1900 L Street, NW, Suite 320
Washington, DC 20037
*Attorney for Defendant Diane Lee Schulz*

*/s/ Peter T. Enslein*
Peter T. Enslein